CITY OF FORT WAYNE,
Appellant–Defendant,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, LODGE 2569, Appellee–Plaintiff.

No. 02A05–9402–CV–57.

Court of Appeals of Indiana,
Fifth District.

Dec. 5, 1994.

Rehearing Denied Feb. 21, 1995.

J. Timothy McCaulay, Corp. Counsel, City of Fort Wayne, Fort Wayne, for appellant.

Jordan I. Lebamoff, Lebamoff Law Offices, Fort Wayne, for appellee.

## OPINION

BARTEAU, Judge.

The City of Fort Wayne ("City") appeals the trial court's judgment ordering City to arbitrate a grievance filed by the International Association of Machinists and Aerospace Workers, Lodge 2569 ("IAM"). City raises four issues, which we consolidate and restate as whether the trial court's findings support its judgment ordering City to arbitrate the grievance. We affirm.

### STANDARD OF REVIEW

The trial court, at the request of City, entered findings of fact and conclusions of law. Thus, on review we must first determine whether the evidence supports the findings, and then whether the findings support the judgment. *Shaw v. Shelby County Dept. of Public Welfare* (1992), Ind.App., 584 N.E.2d 595, 598. The trial court's findings and judgment will be set aside only if they are clearly erroneous. *Id.*

### FACTS

City does not argue that the trial court's findings of fact are not supported by the evidence. The facts, as found by the trial court, are as follows. IAM is the duly certified bargaining representative for certain employees of City. On June 28, 1990, IAM and City entered into a Collective Bargaining Agreement ("1990 Agreement"). The 1990 Agreement includes a Grievance and Arbitration provision to handle certain disputes between IAM and City. The grievance and arbitration procedure is a four-step process, with arbitration as the fourth step. Additionally, the 1990 Agreement provided:

> This Agreement shall become effective 12:01 a.m. January 1, 1990, and shall remain in full force and effect until midnight December 31, 1991, and from year to year thereafter unless either party shall, at least sixty (60) days prior to any anniversary date hereof, notify the other party of a desire to amend or terminate this Agreement. In the event such notice is given, the parties shall meet no later than fifteen (15) days after receipt of such notice, for

the purpose of negotiating a new Agreement.

R. 62 (Joint Exhibit #1, p. 54).

At the time the 1990 Agreement was executed, a provision of the Fort Wayne City Code governing collective bargaining and negotiation procedures was in full force and effect. Section 20–16(h) of the City Code sets forth the procedure to be followed for negotiation of a collective bargaining agreement. Section 20–16(i) of the City Code provides that throughout the process of negotiating, the existing labor agreement between City and the applicable labor organization shall remain in full force and effect. The 1990 Agreement between City and IAM did not provide for procedures to be followed to negotiate a new agreement.

On October 2, 1991, IAM notified City that it wished to negotiate a new collective bargaining agreement upon expiration of the 1990 Agreement. Upon receipt of the notice, City offered to meet with IAM to negotiate a new agreement. Negotiations began prior to expiration of the 1990 Agreement and continued, without entering a new agreement, during all times relevant to this appeal. IAM and City negotiated a new collective bargaining agreement pursuant to the procedures provided for in § 20–16(h) of the Fort Wayne City Code.

On March 9, 1992, City reprimanded employee Nancy Shafer, an IAM member, for violations of the 1990 Agreement and gave her notice of a predeprivation hearing to be held on March 12, 1992, pursuant to the 1990 Agreement. IAM requested a continuance of the hearing and City and IAM executed an agreement on March 10, 1992, to continue the hearing. That agreement stated that the 1990 Agreement was in effect and governed the relations between the parties. After the hearing, Shafer was given notice of termination. A grievance was filed pursuant to the 1990 Agreement and IAM and City processed the grievance through the first three steps according to the procedure established in the 1990 Agreement.

During the first three steps of the grievance procedure, City never informed IAM that City believed it was not obligated to carry the grievance through arbitration.

IAM was notified at some time after the third step grievance hearing that City contended it was not obligated to arbitrate. On June 2, 1992, IAM made a timely demand on City for arbitration according to the terms and procedures of the 1990 Agreement.

At all relevant times, City has continued to recognize the affiliation of new employees with IAM and has continued to withhold union dues from the paychecks of all union members.

### *DISCUSSION*

██ City argues that it is not obligated to arbitrate the grievance because the events resulting in the grievance occurred after expiration of the 1990 Agreement and no collective bargaining agreement requiring arbitration was in effect. City does not dispute that if the 1990 Agreement was in effect, City would be obligated to arbitrate the grievance. IAM argues that City is obligated to arbitrate the grievance because there was an agreement that the 1990 Agreement would remain in effect during negotiations of a new collective bargaining agreement.

██ "No obligation to arbitrate a labor dispute arises solely by operation of law. The law compels a party to submit his grievance to arbitration only if he has contracted to do so." *Litton Financial Printing v. NLRB* (1991), 501 U.S. 190, 200, 111 S.Ct. 2215, 2222, 115 L.Ed.2d 177, 193 (quoting *Gateway Coal Co. v. Mine Workers* (1974), 414 U.S. 368, 374, 94 S.Ct. 629, 635, 38 L.Ed.2d 583, 590); *see also St. John Sanitary Dist. v. Schererville* (1993), Ind.App., 621 N.E.2d 1160, 1161. Generally, contractual obligations under a collective bargaining agreement cease upon termination of the agreement. *Litton,* 501 U.S. at 207, 111 S.Ct. at 2226, 115 L.Ed.2d at 198. However, parties are free to agree that the terms of an expired agreement, including arbitration provisions, will remain in effect during the hiatus period between the effective dates of the old and the new collective bargaining agreement. *United Paperworkers Int'l. v. Wells Badger Indus.* (7th Cir.1987), 835 F.2d 701, 704; *Post Tribune Publishing, Inc. v. American Arbitration Assoc.* (N.D.Ind.1991), 767

F.Supp. 935, 947. The parties must have manifested an intent to be bound by the arbitration provision during the hiatus period. *Int'l Bhd. of Teamsters v. Pepsi–Cola* (6th Cir.1992), 958 F.2d 1331, 1334–35; *Cumberland Typographical Union 244 v. The Times* (4th Cir.1991), 943 F.2d 401, 405.

 Here, the trial court correctly concluded that the conduct of the parties resulted in keeping the 1990 Agreement in effect until they entered into a new collective bargaining agreement. At the time the 1990 Agreement was executed, the City Code of Fort Wayne provided that during the negotiation of a new labor agreement, the old agreement would remain in effect. Fort Wayne City Code § 20–16(i). Generally, all applicable law in force at the time an agreement is made impliedly forms a part of the agreement without any express statement to that effect. *Johnson v. Sprague* (1993), Ind. App., 614 N.E.2d 585, 589; *Kirmse v. City of Gary* (1944), 114 Ind.App. 558, 562, 51 N.E.2d 883, 884. Parties can agree to terms different from terms that would be implied by the law, *see Evansville–Vanderburgh School Corp. v. Moll* (1976), 264 Ind. 356, 368, 344 N.E.2d 831, 840; *Johnson*, 614 N.E.2d at 589, but the parties must clearly express that intent. *See Litton*, 501 U.S. at 203–04, 111 S.Ct. at 2224, 115 L.Ed.2d at 195–96. Here, the 1990 Agreement does not address whether the terms of the old agreement will remain in effect during negotiation of a new contract. Because the parties did not expressly agree to terms different from those of § 20–16(i) of the City Code, § 20–16(i) is part of the 1990 Agreement. Certainly the parties were aware of the City Code provisions; the fact that they followed the procedures of § 20–16(h) for negotiating suggests that they intended the City Code to supplement their express agreement. Thus, the 1990 Agreement provides that its terms will remain in effect during the negotiations of a new agreement and under the terms of that agreement, City is obligated to arbitrate the Shafer grievance.

Even without including § 20–16(i) as a term of the 1990 Agreement, the trial court correctly concluded that the parties manifested an intent to be bound by the terms of the 1990 Agreement for purposes of the Shafer grievance. In agreeing to continue Shafer's predeprivation hearing, the parties, on March 10, 1992, executed an agreement stating that the 1990 Agreement was in effect and governed the relations between the parties. Further, after expiration of the 1990 Agreement on December 31, 1991, City continued to withhold union dues from the paychecks of union members, an indication that it was continuing to abide by the terms of the 1990 Agreement. *See Pepsi–Cola*, 958 F.2d at 1335 (employer's termination of dues deductions after expiration of collective bargaining agreement indicated employer was not abiding by provisions of expired agreement during hiatus).

The findings of the trial court support its conclusion that IAM and City agreed that the terms of the 1990 Agreement would remain in effect during the period of negotiating a new contract. Under the terms of the 1990 Agreement, City is obligated to arbitrate the Shafer grievance. The trial court's judgment ordering City to arbitrate the grievance is affirmed.

AFFIRMED.

SHARPNACK, C.J., and ROBERTSON, J., concur.